UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA ALDRIDGE                  :
                                 :
        v.                       :     CIVIL ACTION NO.
                                 :
ECKERD CORPORATION               :

## COMPLAINT

Plaintiff, Andrea Aldridge, by and through her undersigned counsel, hereby brings this Complaint against defendant, Eckerd Corporation, and in support thereof avers as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Andrea Aldridge ("Ms. Aldridge"), is an individual citizen of the Commonwealth of Pennsylvania, with residence located at 2720 W. Allegheny Avenue, Philadelphia, PA 19132.

2. Upon information and belief, defendant, Eckerd Corporation ("Eckerd"), is a Delaware for profit corporation. At all times material hereto, Eckerd owned/operated a nationwide chain of drug stores, including drug stores located in the City of Philadelphia, Commonwealth of Pennsylvania.

3. This action arises under 42 U.S.C. §2000(e) et seq. ("Title VII") and the Pennsylvania Human Relations Act 43 P.S. §955 et seq. ("PHRA").

4. Jurisdiction is conferred upon this Court by 42 U.S.C. §2000(e) et seq. and 28 U.S.C. §1331, which provides for original jurisdiction of plaintiff's claims arising under the laws of the United States.

5. Plaintiff's state law claims are before this Court pursuant to its supplemental jurisdiction as codified at 28 U.S.C. §1367.

6.      This Court has personal jurisdiction over Eckerd, a non-resident defendant, by virtue of Eckerd's continuous and systematic conduct of business within the Commonwealth of Pennsylvania and the City of Philadelphia.

7.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b) and (c), in that all of the events giving rise to plaintiff's claims occurred within the Eastern District of Pennsylvania and Eckerd is deemed to be a resident of the Eastern District of Pennsylvania by virtue of its being subject to personal jurisdiction within the Eastern District.

8.      Plaintiff has received from the U.S. Equal Employment Opportunity Commission ("EEOC") a Notice of Right to Sue dated May 9, 2002 ("Notice"), a true copy of which is attached hereto as Exhibit "A" and plaintiff's Complaint has been filed within ninety (90) days of receipt of said Notice.

## BACKGROUND

9.      On or about September 19, 1991, Aldridge was hired by Eckerd's predecessor, Thrift Drugs, as a cashier.

10.     On or about 1994, Aldridge was promoted to the position of assistant store manager for store No. 6374, located in the Art Museum Area, Philadelphia, PA.

11.     On or about 1997, Aldridge was promoted to the position of store manager for store No. 8747, located at 15th and Walnut Streets, Philadelphia, PA.

12.     On or about January, 2001, Lori Camp ("Camp") became Ms. Aldridge's new District Operations Manager ("DOM").

13.     Prior to Ms. Camp becoming Ms. Aldridge's DOM, Aldridge had received positive performance reviews, promotions and raises.

14.     Immediately upon becoming Aldridge's DOM, Ms. Camp, who is white, initiated

a pattern and practice of harassment and unfair treatment directed at Ms. Aldridge and other black store managers, including, but not limited to, Lamount Curry.

15. On or about May 1, 2001, Eckerd decided to spend a large amount of money to remodel store No. 8747.

16. On or about May 14, 2001, Ms. Camp rated Ms. Aldridge as "improvement needed" on her annual performance review. However, despite this review, which Ms. Aldridge believes to be inaccurate and unfair, Ms. Aldridge was given a raise.

17. On or about May 21, 2001, and as a result of Ms. Camp's pattern and practice of unfair disparate treatment of Ms. Aldridge and other black store managers, Ms. Aldridge was forcibly transferred to a much older store No. 8642, located at 2nd and South Streets, Philadelphia, PA, which store was in very poor condition, had insufficient staffing and was not as profitable as store No. 8747.

18. As a result of Ms. Camp's racially disparate treatment of black store managers in general and Ms. Aldridge in particular, Dominic DeVario, a white male, was made the manager of store No. 8747.

19. As a direct result of being forcibly transferred to a less profitable and desirable store and continued harassment/unfair treatment by Camp which created an intolerable working environment, on June 29, 2001, Ms. Aldridge was forced to resign her position as manager as store No. 8642.

## COUNT I

### Racial Discrimination In Violation of Title VII

20. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 19 above as if fully set forth at length herein.

21. Eckerd is an "employer" within the meaning of Title VII.

22. At all times material hereto, Ms. Aldridge was an "employee" of Eckerd within the meaning of Title VII.

23. Title VII prohibits discriminatory treatment in employment on the basis of race, and Ms. Aldridge, who is black, is a member of the protected class under Title VII.

24. At all times material hereto, Camp was acting as an agent of Eckerd, and within the scope of her employment.

25. As a direct result of Camp's racially motivated disparate treatment, Ms. Aldridge suffered adverse employment actions in that a) she was forcibly transferred to a far less desirable position in favor of a white manager, and b) was constructively discharged from that position.

26. The conduct of Camp/Eckerd violates Title VII, and has denied Ms. Aldridge her civil rights guaranteed by Title VII.

27. Eckerd intentionally engaged in this racially discriminatory conduct and did so with malice and/or reckless indifference towards plaintiff's civil rights protected by Title VII.

28. As a direct result of Eckerd's discriminatory conduct, Ms. Aldridge has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment, loss of self esteem and loss of enjoyment of ordinary pleasures of everyday life.

## COUNT II

### Racial Discrimination In Violation of the PHRA

29. Plaintiff hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 28 above as if fully set forth at length herein.

30. Eckerd is "an employer" within the meaning of the PHRA

31. At all times material hereto, Ms. Aldridge was an "employee" of Eckerd within

the meaning of the PHRA.

32.	The racially discriminatory conduct of Eckerd toward plaintiff as set forth above constitutes an unlawful discriminatory practice in violation of §955(a) of the PHRA.

33.	As a direct result of Eckerd's racially discriminatory conduct, Ms. Aldridge has suffered loss of employment, lost wages, mental anguish, severe anxiety, personal humiliation, painful embarrassment and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, plaintiff, Andrea Aldridge, hereby requests judgment in her favor and against defendant, Eckerd Corporation, and requests that this Honorable Court grant the following relief:

a.	An award of back pay and front pay to plaintiff;

b.	An award of compensatory damages to plaintiff;

c.	An award of punitive damages to plaintiff;

d.	An award of reasonable attorney's fees and costs; and

e.	Grant such other further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

DOLCHIN, SLOTKIN & TODD, P.C.

_____
FRANK SCHWARTZ, ESQUIRE
ID. No. 52729
One Commerce Square, 24th Floor
2005 Market Street
Philadelphia, PA 19103
(215) 665-3507

DATE: _____		Attorney for Plaintiff

Case 2:02-cv-04688-RB    Document 1    Filed 07/15/2002    Page 6 of 6