IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA ALDRIDGE, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | O2-CV-4688 |
| | : | |
| ECKERD CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Eckerd Corporation, by way of Answer to the allegations contained in the Complaint, avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Denied. After reasonable investigation, Defendant is without knowledge and/or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore leaves Plaintiff to her proofs.

2. Denied as averred. By way of further response, it is admitted only that Defendant is a Delaware corporation and operates retail drug stores, including in Philadelphia, Pennsylvania.

3. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

4. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

5. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

6. Denied in part; admitted in part. It is admitted only that Defendant operates retail drug stores in the Commonwealth of Pennsylvania and the City of Philadelphia, PA. Defendant denies the remaining averments of this paragraph as conclusions of law to which no response is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

7. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

8. Denied. Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the averments contained in this paragraph and therefore leaves Plaintiff to her proofs.

## **BACKGROUND**

9. Admitted.

10. Denied as averred. By way of further response, it is admitted only that Plaintiff worked as a front supervisor at a store located on Hamilton Street, Philadelphia, PA, beginning in or about August, 1994.

11. Denied as averred. By way of further response, it is admitted only that Plaintiff worked as a store manager at Store no. 8747 in 1997.

12. Denied as averred. By way of further response, it is admitted only that Lori Camp, District Manager, supervised Plaintiff beginning in January of 2001.

13. Denies the averments.

14.     Admitted in part; denied in part.  Defendant admits only that Lori Camp is Caucasian and that Plaintiff is African-American.  Defendant denies the remaining averments.  By way of further response, it is specifically denied that Lori Camp harassed or discriminated against Plaintiff or any other store managers in any manner.

15.     Denied as averred.  It is admitted only that Store no. 8747 was remodeled beginning in or about June of 2001.

16.     Admitted in part; denied in part.  Defendant admits only that Plaintiff received an "Improvement Needed" rating on her May 14, 2001 performance review.  The remaining averments are denied.

17.     Denied.  This paragraph contains conclusions of law to which no response is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

18.     Denied.  This paragraph contains conclusions of law to which no response is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

19.     Denied.  This paragraph contains conclusions of law to which no response is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.  By way of further response, Plaintiff voluntarily resigned effective June 29, 2001.

## COUNT I

20.     Defendant incorporates by reference paragraphs 1 through 19 of its Answer as though fully set forth at length herein.

21. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

22. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

23. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

24. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant lacks knowledge and/or information sufficient to form a belief as to the truth of the same particularly with respect to the averment "[a]t all times material hereto."

25. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

26. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

27. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same. By way of further response, Defendant did not discriminate against Plaintiff in any manner.

28. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## COUNT II

29. Defendant incorporates by reference paragraphs 1 through 28 of its Answer as though fully set forth at length herein.

30. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

31. Denied. This paragraph contains conclusions of law to which no responsive pleading is required.

32. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

33. Denied. This paragraph contains conclusions of law to which no responsive pleading is required, and to the extent that the averments are not conclusions of law, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each Count fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all material times, any action taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

**THIRD AFFIRMATIVE DEFENSE**

At all material times, any action taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment was taken for reasons other than Plaintiff's race. Defendant did not discriminate against Plaintiff in any manner.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant did not breach or violate any duty to or right of Plaintiff under Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act or any other statute or law. At all material times, Defendant complied with these statutes in connection with Plaintiff's employment.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and/or correct any alleged harassing and/or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided to her, or to avoid harm otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, by her failure to exhaust or comply with the governing administrative remedies and procedural prerequisites to suit and/or by asserting claims that were not raised in her administrative charge of discrimination.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel, laches, waiver, payment, release, and/or discharge, or by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint as a whole and each count fail to state a claim for compensatory or punitive damages, interest, costs, or for attorney's fees, nor is Plaintiff entitled to this relief under governing law and/or the facts of this case.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by her own acts, omissions or conduct, or by the acts, omissions or conduct of parties other than Defendant, about which Defendant had no prior knowledge and is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any averred actions or omissions on the part of employees insofar as such employees were not acting within the scope of employment and/or their actions were contrary to Defendant's good-faith efforts to comply with the anti-discrimination laws.

### ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate her damages, if any.

WHEREFORE, Defendant respectfully demands that Plaintiff's Complaint be dismissed and that judgment be entered in its favor and against Plaintiff on each count of the Complaint, including an award of attorneys' fees and costs in favor of

Defendant and such other relief as this Court may deem just and proper.

Dated: August 26, 2002                    _____
                                          James Bucci, Esquire
                                          Gregory S. Hyman, Esquire
                                          SPECTOR, GADON & ROSEN, P.C.
                                          1635 Market Street - Seventh Floor
                                          Philadelphia, PA 19103
                                          215-241-8888
                                          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing on all parties by causing a true and correct copy thereof to be sent via first-class U.S. mail, addressed to counsel for Plaintiff as follows:

>Frank Schwartz, Esquire
>Dolchin, Slotkin & Todd, P.C.
>One Commerce Squire, 24th Floor
>2005 Market Street
>Philadelphia, PA 19103

Dated: August 26, 2002                              _____